THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY POSNER, Alias HARRY HARRIS, Appellant.— Judgment of the County Court of Queens county convicting the defendant of a violation of section 390 of the Penal Law unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK ROSENBERG, Appellant.— On appeal by defendant from a judgment of conviction of the crimes of extortion and conspiracy, judgment of the County Court of Queens county unanimously affirmed pursuant to the provisions of section 542 of the Code of Criminal Procedure. Order denying motion to set aside the verdict and for a new trial unanimously affirmed. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WHEELER SHIPYARD, INC., Appellant.— Judgment by a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 183 of the Sanitary Code (public nuisance), reversed on the law, information dismissed and fine remitted. In view of the location of the defendant's machinery, the nature of its use, the manner of installation, and the character of the neighborhood, considered with the nature of the evidence as to the actual cause of the vibration complained of, there was a failure to establish the guilt of the defendant beyond a reasonable doubt. Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ., concur.

HAROLD ROGERS, Respondent, v. UNITED NEW YORK SANDY HOOK PILOTS ASSOCIATION and UNITED NEW JERSEY SANDY HOOK PILOTS ASSOCIATION, Appellants.— The plaintiff, a watchman on a pier in Staten Island, was injured when a hawser, one end of which was attached to defendants' pilot boat and the other end looped over a bollard on the pier, broke as the vessel was being moored to the pier. In our opinion, plaintiff failed to show negligence on the part of the defendants that caused or contributed to the accident and his injury. Judgment reversed on the law, with costs, and the complaint dismissed, with costs. Lazansky, P. J., Hagarty, Johnston and Adel, JJ., concur; Young, J., dissents and votes to affirm, with the following memorandum: I think there is evidence of negligence in operating the boat. The rope was in good condition. It broke from overstrain which would not have happened if it had been properly tended. The evidence is sufficient to uphold a finding that Smith called on the plaintiff to help and that the captain was present and acquiesced in this call for help, for he says he saw the plaintiff on the dock and warned him away because of the danger. According to plaintiff, the captain, knowing the danger, acquiesced in the call of Smith to the plaintiff for help.